IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Case **3:18-CR-613-L** |
| | § | |
| **JOSE GUSTAVO** | § | |
| **CERVANTES-ARTEAGA** | § | |

# MEMORANDUM OPINION AND ORDER

The court issues this memorandum opinion and order to address Defendant Jose Gustavo Cervantes-Arteaga's ("Defendant" or "Cervantes-Arteaga") objections to the Presentence Investigation Report ("PSR") regarding the eight-level enhancement under U.S.S.G § 2L1.2 and his contention that application of the 2018 Sentencing Guidelines Manual violates the *ex post facto* clause of the United States Constitution. He asserts that this objection affects paragraphs 16, 18, 22, 26, and 58 of the PSR. In addition, Cervantes-Arteaga argues that Paragraph 18 of the PSR "inappropriately assesses an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(3)," and that the PSR should, instead, "cite to U.S.S.G. § 2L1.2(b)(2) as it appears in the 2016 (and not the 2018) Guidelines." Def.'s Obj. to PSR 2. The court addresses these issues in writing, as similar *ex post facto* issues involving the application of § 2L1.2 to post-removal revocations in light of Amendment 809 to the United States Sentencing Guidelines have arisen in prior sentencings handled by this court. For the reasons herein explained, the court **overrules** Defendant's objections.

**I.     Factual and Procedural Background**

Cervantes-Arteaga, who is a citizen of Mexico, first entered the United States illegally on March 1, 1997. Between March 2003 and March 2010, he was arrested on three occasions, and no immigration action was taken. On January 4, 2015, Cervantes-Arteaga was arrested in Denton

**Memorandum Opinion and Order – Page 1**

County, Texas, for Driving While Intoxicated ("DWI") 3rd or More. He pleaded guilty to this offense in Case No. F15-646-211 on February 10, 2016, and was sentenced to ten-years probation. Thereafter, he was ordered removed and was deported on June 10, 2016, to Mexico.

A short time later, Cervantes-Arteaga reentered the United States illegally and was found in Webb County, Texas, on July 9, 2016, where he was arrested and charged with the offense of Illegal Entry in a federal district court in Laredo, Texas. On July 13, 2016, Cervantes-Arteaga pleaded guilty to the Illegal Entry offense, was sentenced to 90-days custody, and was removed to Mexico a second time on October 12, 2016.

At some point, Cervantes-Arteaga reentered the United States illegally again and was arrested on August 12, 2018, for DWI by a Farmer's Branch Police Department officer. The charge for this offense was later dismissed after the judge granted a motion to suppress evidence. Cervantes-Arteaga was not released, however, because, after his arrest, he was encountered by immigration officials on August 13, 2018, while he was still in custody for the DWI charge and subject to a detainer.

Cervantes-Arteaga was named in a one-count Indictment filed in the Northern District of Texas, Dallas Division, on December 4, 2018. The Indictment charged him with Illegal Reentry After Removal from the United States, in violation of 8 U.S.C. § 1326(a) & (b)(1). On April 1, 2019, Cervantes-Arteaga was transferred to the custody of the United States Marshals Service, pursuant to a writ of habeas corpus ad prosequendum. He initially entered a plea of not guilty but later pleaded guilty to the charge in the one-count Indictment on July 25, 2019. Before pleading

guilty, Cervantes-Arteaga's probation in Case No. F15-646-211, for DWI 3rd or More, was revoked on March 6, 2019, and he was sentenced to two-years imprisonment. It is this revocation that forms the basis for the eight-level enhancement in paragraph 18 of the PSR, to which Defendant objects.

Regarding the offense level computation, PSR paragraph 16 states as follows:

> The offense of conviction concluded on August 13, 2018. This officer has reviewed and compared the Guidelines Manual in effect on the date the defendant is to be sentenced and the Guidelines Manual in effect on the date that the offense of conviction was committed. Based on this review, this officer determined the use of the Guidelines Many in effect on the date the defendant is sentenced will not violate the *ex post facto* clause of the U.S. Constitution. As such, the November 1, 2018, Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG § 1B1.11(a).

PSR § 16. Paragraph 18 of the PSR adds an eight-level enhancement under U.S.S.G. § 2L1.2 as follows:

> **Specific Offense Characteristics:** Pursuant to USSG § 2L1.2(b)(3)(B), if after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed exceeded one year and one month, an 8-level increase is warranted. On March 6, 2019, the defendant's probation term for Driving While Intoxicated 3rd or More, in Case No. F15-646-21[1], was revoked and he was sentenced to two years imprisonment. As such, an 8-level increase is warranted.

PSR § 18.[1]

As noted, Defendant filed objections to the PSR, contending that: (1) application of the 2018 Sentencing Guidelines Manual violates the *ex post facto* clause of the United States Constitution; and (2) paragraph 18 of the PSR "inappropriately assesses an 8-level enhancement pursuant to

---

[1] As indicated elsewhere in the PSR, the correct case number ends in 211, not 21. As Defendant's objections to the PSR also acknowledge that the case number ends in 211, the court determines that preparation of another addendum by the probation officer is not necessary to correct this typographical error.

**Memorandum Opinion and Order – Page 3**

U.S.S.G. § 2L1.2(b)(3))," and that the PSR, in applying the enhancement under § 2L1.2, incorrectly cites to the wrong subsection. Def.'s Obj. to PSR 2.

Regarding the first objection, Defendant argues that U.S.S.G. § 1B1.11(b)(1) requires the court to "use the Guidelines Manual in effect on the date that the offense of conviction was committed," and that the commentary to that section provides that "[t]he last date of the offense of conviction is the controlling date for *ex post facto* purposes." Def.'s Obj. to PSR 2 (quoting § 1B1.11(b)(1) & comment. (n.2)). Defendant maintains that application of the 2018 Guidelines Manual in this case would constitute an *ex post facto* violation because use of the 2018 Guidelines Manual results in a higher advisory guideline range of 24 to 30 months, whereas application of the 2016 Guidelines Manual that was in effect when his 2016 DWI offense in Case No. F15-646-211 was committed and completed results in an advisory guideline range of only 15 to 21 months. Def.'s Obj. to PSR 2 (citing *Peugh v. United States*, 569 U.S. 530, 538 (2013)). Defendant, therefore, contends that the court should use the 2016 Guidelines Manual in calculating his sentencing range. In his related second objection, Defendant asserts that, in addressing the enhancement under § 2L1.2, paragraph 18 of the PSR incorrectly cites to § 2L1.2(b)(3)(B), when it should cite to § 2L1.2(b)(2)(B), "as it appears in the 2016 (and not the 2018) Guidelines." Def.'s Obj. to PSR 2.

On November 8, 2019, the probation officer filed an Addendum to the PSR to address Defendant's objections. In response to Defendant's *ex post facto* argument that the 2016 Guidelines Manual should have been used because his DWI conviction in Case No. F15-646-211 would have only received a four-level enhancement under § 2L1.2(b)(2), rather than an eight-level enhancement, the probation officer reasoned that use of the 2018 Guidelines Manual was appropriate because, "[i]n the release of the 2018 Guidelines Manual[,] the Sentencing Commission indicated the amendments

**Memorandum Opinion and Order – Page 4**

related to USSG § 2L1.2 were *clarifying* statements and, therefore, there are no *ex post facto* issues to be considered." Addendum 1 (emphasis added). In a Second Addendum, the probation officer noted a typographical error in paragraph 18 of the PSR and clarified that paragraph 18 of the PSR should state that "the defendant should receive an 8-level enhancement pursuant to USSG § 2L1.2(b)(2)(B), instead of USSG § 2L1.2(b)(3)(B), as the criminal conduct occurred *before* the defendant was ordered deported or removed as opposed to *after*." Second Addendum 1. This clarification addressed Defendant's prior objection that paragraph 18 of the PSR incorrectly cites to § 2L1.2(b)(3)(B).

Defendant did not file objections to the Second Addendum, but he objects to the probation officer's Addendum and characterization of the 2018 Amendment to § 2L1.2 as clarifying, contending that the Addendum simply "repackages" the probation officer's "constitutionally infirm" determination that "the 2018 Guidelines Manual applies by stating that 'the Sentencing Commission indicated the amendments related to USSG § 2L1.2 were clarifying statements.'" Def.'s Obj. to Addendum 1 (citations omitted). Defendant argues that Amendment 809 to § 2L1.2(b)(2), which became effective on November 1, 2018, is substantive, not clarifying. Based on the four "non-determinative factors" in *United States v. Sanchez-Villarreal*, 857 F.3d 714, 720 (5th Cir. 2017),[2] Defendant contends that Amendment 809 to § 2L1.2(b)(2) is substantive because it is inconsistent

---

[2] In this regard, the Fifth Circuit in *Sanchez-Villarreal* explained as follows:

> In determining whether an amendment to the Guidelines is clarifying or substantive, this court looks to several, non-determinative factors: (1) whether the Commission expressly characterizes the amendment as clarifying; (2) whether the amendment is intended to address a circuit split, which generally indicates that the amendment is substantive, not clarifying; (3) whether the amendment is listed in § 1B1.10(d) as being retroactively applicable; and (4) whether the amendment alters the language of the commentary rather than the language of the Guideline itself, which may suggest that it is clarifying.

*Id.* (footnote and citation omitted).

**Memorandum Opinion and Order – Page 5**

with the reasoning in *United States v. Franco-Galvan*, 864 F.3d 338 (5th Cir. 2017) (per curiam), in which the Fifth Circuit interpreted § 2L1.2(b)(2) under the 2016 Guidelines. Defendant argues that Amendment 809 essentially overrules *Franco-Galvan* by "mark[ing] a significant departure from the policy espoused in the prior version of the guideline" as it was "enforced by the Fifth Circuit in *Franco[-]Galvan*." Def.'s Obj. to Addendum 4. According to Defendant, Amendment 809 is inconsistent with *Franco-Galvan* because it instructs courts to consider sentences imposed 'at any time' . . . regardless of when the revocation occurred" for purposes of applying the enhancement under § 2L1.2(b)(2), including revocation sentences[,]'" that is, whether the revocation occurred before or after a defendant was deported. Def.'s Obj. to Addendum 2 (citations omitted).

In addition, Defendant asserts that, while Amendment 809 uses the term "clarifying," it is not included in the list of retroactive amendments in § 1B1.10(d); and the Amendment revised not only the commentary to § 2L1.2(b)(2), but also the text of this guideline section. Defendant, therefore, contends that "all but the first factor outlined in *Sanchez-Villareal* suggest" that the United States Sentencing Commission ("Commission") intended "Amendment 809 [to be] substantive rather than clarifying." Def.'s Obj. to Addendum 4.

Finally, Defendant maintains that, even if the court disagrees or is unconvinced that the Amendment is substantive, any tie or ambiguity must be resolved in his favor under the rule of lenity to avoid rendering Amendment 809 unconstitutional. Defendant, therefore, argues that, because Amendment 809 constitutes a substantive change to § 2L1.2(b)(2) and the manner in which that section was interpreted by the Fifth Circuit in *Franco-Galvan*, the court should apply § 2L1.2(b)(2) under the 2016 Guidelines Manual as interpreted by *Franco-Galvan* to calculate his guidelines. According to Defendant, this would result in his criminal conviction in Case No. F15-646-211

receiving only a four-level enhancement under § 2L1.2(b)(2), based on the Fifth Circuit's reasoning in *Franco-Galvan*, rather than an eight-level enhancement under subsection (b)(3)(B).

The Government, on the other hand, contends that the 2018 Amendment to § 2L1.2 is clarifying in that it simply clarified that post-removal revocation sentences count under sections 2L1.2(b)(2) and (b)(3). Thus, the Government argues that the reasoning in the Amendment 809 applies regardless of whether the court uses the 2016 or 2018 Guidelines Manual in sentencing Defendant. For the reasons that follow, the court agrees with the Government that Amendment 809 with respect to § 2L1.2 was intended to be clarifying, such that it applies rather than the reasoning in *Franco-Galvan* rejected by Amendment 809, in calculating Cervantes-Arteaga's advisory guideline range, and, taking into account this Amendment, the same sentence would result even if the 2016 Guidelines Manual was used.

**II.     Analysis**

"[T]he Ex Post Facto Clause forbids the [government] to enhance the measure of punishment by altering the substantive 'formula' used to calculate the applicable sentencing range." *Peugh*, 569 U.S. at 550. The Fifth Circuit has not yet addressed the specific issue of whether retroactive application of Amendment 809 to § 2L1.2 is an *ex post facto* violation in cases such as this when a revocation of probation does not occur until after the defendant's first order of removal. The Fifth Circuit has previously held that "[a]mendments to the guidelines and their commentary intended only to *clarify*, rather than effect substantive changes, may be considered even if not effective at the time of the commission of the offense or at the time of sentencing." *United States v. Anderson*, 5 F.3d 795, 802 & n.12 (5th Cir. 1993) (quoting U.S.S.G. § 1B1.11(b)(2) (1992), which states, "if a court applies an earlier edition of the Guidelines Manual, the Court shall consider subsequent

amendments, to the extent that such amendments are clarifying rather than substantive changes."). Although an amendment to the guidelines is "not controlling," it is considered to be "evidence of the Sentencing Commission's intent behind" the amended guideline section. *Anderson*, 5 F.3d at 802. As correctly noted by Cervantes-Arteaga, courts in this circuit consider the factors in *Sanchez-Villarreal* in determining whether an amendment is substantive or merely clarifying. 857 F.3d at 720-21. As Cervantes-Arteaga acknowledges, though, these factors are "non-determinative." *Id.* at 720.

Amendment 809 amended section 2L1.2(b) as follows:

Amendment: Section 2L1.2(b)(2) is amended by striking "If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant sustained—" and inserting "If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in—".

Section 2L1.2(b)(3) is amended by striking "If, at any time after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct resulting in—" and inserting "If, after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in—".

The Commentary to § 2L1.2 captioned "Application Notes" is amended—

in Note 2 in the paragraph that begins "'Sentence imposed' has the meaning" by striking "includes any term of imprisonment given upon revocation of probation, parole, or supervised release" and inserting "includes any term of imprisonment given upon revocation of probation, parole, or supervised release, regardless of when the revocation occurred";

in Note 4 by striking "subsection (b)(3)," and inserting "subsection (b)(2) or (b)(3), as appropriate,"; and by redesignating Notes 5 through 7 as Notes 6 through 8, respectively; and by inserting the following new Note 5:

"5. Cases in Which the Criminal Conduct Underlying a Prior Conviction Occurred Both Before and After the Defendant Was First Ordered Deported or Ordered Removed.—There may be cases in which the criminal conduct underlying a prior conviction occurred both before and after the defendant was ordered deported

or ordered removed from the United States for the first time. For purposes of subsections (b)(2) and (b)(3), count such a conviction only under subsection (b)(2)."

U.S.S.G. App. C, amend. 809 (Supp. Nov. 1, 2018).

The Commission's stated reason for the Amendment was to address "two application issues that arose after § 2L1.2 (Unlawfully Entering or Remaining in the United States) was extensively amended in 2016. See USSG, App. C, Amendment 802 (effective Nov. 1, 2016)." *Id.* Both of these issues involve scenarios, which, in the Commission's view, a defendant should qualify for an upward enhancement under either subsection (b)(2) or (b)(3) of the 2016 Guidelines but was evading enhancement when: (1) "the defendant committed a crime before being ordered removed for the first time but was not convicted (or sentenced) for that crime until after that first order of removal"; and (2) "a revocation . . . did not occur until after a defendant's first order of removal, even if the defendant was convicted prior to the first order of the removal." *Id.*

Regarding the first scenario, Amendment 809 reasons that "[a] defendant should not avoid an enhancement for an otherwise qualifying conviction because the conviction occurred after a defendant's first order of removal or deportation but was premised on conduct that occurred before that order." Amendment 809 "addresses this issue by establishing that the application of the § 2L1.2(b)(2) enhancement depends on the timing of the underlying 'criminal conduct,' and not on the timing of the resulting conviction," and "[i]t does so by amending the first paragraph of subsection (b)(2) to state that the enhancement applies if pre-first removal conduct resulted in a conviction 'at any time,' and makes a conforming change to the first paragraph of subsection (b)(3)." *Id.*

Regarding the second scenario, Amendment 809 expressly states that it is intended to resolve the issue under § 2L1.2(b)(2) involving the Fifth and Ninth Circuits' interpretation of § 2L1.2(b)(2) as barring consideration of a revocation that occurred after a defendant's first order of removal:

> A Fifth Circuit opinion interpreted § 2L1.2(b)(2) to bar consideration of a revocation that did not occur until after a defendant's first order of removal, even if the defendant was convicted prior to the first order of the removal. *See United States v. Franco-Galvan*, 864 F.3d 338 (5th Cir. 2017). The court found that Application Note 2, despite its instruction that "the length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release," was insufficiently clear to resolve the "temporal" question of when a revocation must occur, given that the Commission had resolved a prior circuit conflict in 2012 by directing that revoked time should not be counted in the situation. *See* USSC, App. C, Amendment 764 (effective Nov. 1, 2012). A subsequent decision of the Ninth Circuit reached the same result. *See United States v. Martinez*, 870 F.3d 1163 (9th Cir. 2017). Although both cases involved an enhancement under subsection (b)(2), the same logic would seem to apply to enhancements under subsection (b)(3) when the conviction and revocation were separated by an intervening order of removal or deportation.

*Id.* In both cases, the Fifth and Ninth Circuits concluded that § 2L1.2(b)(2) did not apply because of the lack of clarity surrounding Application Note 2.

To resolve this lack of clarity, Amendment 809 added "the ***clarifying*** phrase 'regardless of when the revocation occurred' to the definition of 'sentenced imposed' in Application Note 2." *Id.* (emphasis added). According to Amendment 809, a "sentence-imposed approach" such as this is consistent with the purpose of prior Amendment 802 that became effective November 1, 2016, whereas, [e]xcluding sentence length added by post-removal revocations [under § 2L1.2(b)(2) and (b)(3)] would be inconsistent with the purpose of Amendment 802." *Id.*

Based on the reasoning in Amendment 809, the court **concludes** that application of *Franco-Galvan*'s interpretation of § 2L1.2(b) in sentencing Defendant rather than Amendment 809 as advocated by the defense would not be appropriate, as the Commission makes clear that the

amendment to this guideline section was implemented to be consistent with the intended purpose of the prior 2016 amendments to § 2L1.2(b) and to provide courts with clarification regarding the manner and situations in which the enhancements under § 2L1.2(b)(2) and (b)(3) should apply under those amendments. In other words, Amendment 809 makes clear that its purpose is to clarify the extensive changes made to § 2L1.2 in 2016 under former Amendment 802 and explain when enhancement under § 2L1.2(b)(2) and (b)(3) is appropriate in light of the 2016 amendments to § 2L1.2(b). The court, therefore, views the Amendment 809 as clarifying, not substantive as argued by Defendant.

Likewise, while Amendment 809 is not listed in § 1B1.10(d) as being retroactively applicable, and the Amendment alters the language of the commentary and the Guideline itself; the intent to clarify the meaning of § 2L1.2 to be consistent with prior 2016 Amendment 802 and provide guidance to sentencing courts *is readily apparent* throughout the Amendment, including the Amendment's discussion of *Franco-Galvan*. Moreover, when the intent of an amendment is to reflect better the Commission's intent, or provide clarifying guidance to sentencing courts, the lack of designation of an amendment as applying retroactively is not necessarily dispositive and will not prevent an amendment from being clarifying. *Sanchez-Villarreal*, 857 F.3d at 720 (citations omitted). Clarifying amendments have also been applied retroactively, even when doing so was inconsistent with prior Fifth Circuit precedent. *Id.* at 721 & n.5 (citations omitted).

Accordingly, the court **overrules** Defendant's *ex post facto* objection to application of the 2018 Guidelines Manual and Amendment 809 to section 2L1.2(b) because consideration of the Amendment and non-determinative factors in *Sanchez-Villarreal* lead to the conclusion that the Amendment is merely clarifying, that is, the Commission only intended the Amendment to clarify

**Memorandum Opinion and Order – Page 11**

how the extensive changes that were previously made to section 2L1.2(b) and its commentary in 2016 should be applied in determining whether enhancement under § 2L1.2(b) is appropriate. Thus, the clarifying reasoning in Amendment 809 applies, and consideration of the Amendment would result in the same sentence regardless of whether Defendant was sentenced under the 2016 or 2018 Guidelines Manual. *See Anderson*, 5 F.3d at 802 & n.12 (quoting U.S.S.G. § 1B1.11(b)(2) (1992)).[3] The court's reasoning in this regard also addresses and resolves Defendant's contention that "§ 2L1.2(b)(2) as it appears in the 2016 (and not the 2018) Guidelines" should apply. Additionally, the probation officer's clarification in the Second Addendum regarding application of an eight-level enhancement under § 2L1.2(b)(3)(B), rather than § 2L1.2(b)(2)(B), to which no objection was made, **moots** Defendant's objection that paragraph 18 of the PSR incorrectly cites to § 2L1.2(b)(3)(B), when it should cite to § 2L1.2(b)(2)(B).

### III.    Conclusion

For the reasons explained, the court **overrules** Defendant Jose Gustavo Cervantes-Arteaga's objections to paragraphs 16, 18, 22, 26, and 58 of the PSR regarding the eight-level enhancement under U.S.S.G § 2L1.2 and his contention that application the 2018 Sentencing Guidelines Manual and Amendment 809 violate the *ex post facto* clause of the United States Constitution, as the court **concludes** that Amendment 809 to § 2L1.2 is clarifying rather than substantive and, thus, applies retroactively as determined by the probation officer. As noted, this ruling and the probation officer's clarification in the Second Addendum resolve or moot Defendant's other related objections, which are also **overruled**.

---

[3] Like the 1992 Guidelines cited by *Anderson*, section 1B1.11(b)(2) of the 2016 and 2018 versions of the Guidelines Manual also provide that, "if a court applies an earlier edition of the Guidelines Manual, the Court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes."

**Memorandum Opinion and Order – Page 12**

Having ruled on Defendant's objections to the PSR and Addendum, the court will not, during the upcoming sentencing hearing scheduled for January 6, 2020, entertain any further argument by Defendant or the Government regarding these objections or objections not previously raised by the parties, and it will limit argument and evidence during the hearing to Defendant's Motion for Downward Departure or Variance.

**It is so ordered** this 3rd day of January, 2020.

Sam A. Lindsay
United States District Judge